**United States District Court**
**District of Massachusetts**

```
                                    )
In the matter of The Complaint      )
and Petition by ELIZABETH & NIKI    )
FISHING CORP., as owner of the      )
F/V ELIZABETH & NIKI,               )
                                    )        Civil Action No.
                                    )        21-10020-NMG
                                    )
For Exoneration from or             )
Limitation of Liability             )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This action arises from a request for exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, et seq., of petitioner Elizabeth & Niki Fishing Corp. ("E&N"). E&N seeks to limit any liability it may face as a result of the injury of Eduino Costa ("Costa") suffered while abroad the F/V GEORGES BANKS. E&N owns F/V ELIZABETH & NIKI, another vessel that Costa served aboard as a career commercial fisherman.[1] G&J Fisheries, Inc. ("G&J"), which owns F/V GEORGES BANKS, filed a claim and answer in this maritime proceeding in June, 2021 (Docket No. 9). Costa filed his own answer and notice of claim in July, 2021 (Docket No. 11).

---

[1] Based on the complaint and subsequent filings, it is not clear whether Costa suffered any injury aboard the F/V ELIZABETH & NIKI.

-1-

In a footnote, G&J suggests that Costa's answer and notice of claim may not comply with the requirements of Supplemental Admiralty Rule F(5) of the Federal Rules of Civil Procedure but does not contend that issue has any bearing on Costa's present motion.  The Court agrees.

In March, 2022, this Court allowed a joint motion to stay this proceeding pending the outcome of the matter of G&J Fisheries, Inc., 20-cv-11704, and the interlocutory appeal pending in that matter captioned, G&J Fisheries, Inc. v. Costa, Inc., 21-1930 (Docket No. 25).

In September 2023, Costa filed a motion requesting that this Court lift that stay so that he can pursue remedies in state court under the "savings to suitors" clause, 28 U.S.C. § 1333(1) (Docket No. 31).  Although Costa classified his motion as a motion to remand, this Court will treat it as a motion to dissolve the stay because this action did not commence in state court and therefore cannot be remanded.   Claimant G&J opposes Costa's motion (Docket No. 32) and this Court will deny it.

## I.   **Costa's Motion**

Costa contends that dissolution of this Court's stay is proper for two reasons.  First, he claims that he is the only claimant in this action and that courts typically permit a

single claimant to proceed with his or her claims in state court. <u>See</u> <u>Lewis</u> v. <u>Lewis & Clark Marine, Inc.</u>, 531 U.S. 438 (2001).  He submits that he filed a stipulation that protects petitioner's right to have this Court resolve its claim seeking a limitation of liability.

Second, Costa insists that dissolution is appropriate because it has not been determined whether the total claims in this case will exceed the value of the limitation fund. <u>See</u> <u>Lake Tankers Corp.</u> v. <u>Henn</u>, 354 U.S. 147 (1957).

## II.   **G&J's Opposition**

G&J opposes Costa's motion on two grounds.  First, G&J claims that because Costa failed to confer with G&J before filing the present motion, he did not adhere to Local Rule 7.1. Second, G&J submits that Costa is not the only claimant at this time because G&J filed a claim as well.

## III. **Analysis**

### A. **Local Rule 7.1**

Local Rule 7.1 provides that no motion may be filed unless counsel certifies that he or she has previously conferred with opposing counsel. L.R., D. Mass. 7.1(a)(2).  Costa's counsel included a Local Rule 7.1(a)(2) certificate in his motion but

only certified that he had conferred with counsel for the petitioner, E&N.

A district court has "great leeway in the application and enforcement of its local rules." Sensitech, Inc. v. LimeStone FZE, 581 F. Supp. 3d 342, 350 (D. Mass. 2022) (quoting United States v. Roberts, 978 F.2d 17, 20 (1st Cir. 1992)).  Here, it does not appear that a conference "would have changed the parties' fundamental positions," id. (citation omitted), and Costa's lapse is therefore deemed to be immaterial.

**B. Single Claimant Exception**

Two circumstances would warrant dissolving the present stay.  First, when a single claimant seeks damages and files a stipulation that protects the shipowner's right to have the admiralty court adjudicate its claim to limited liability and waives any related claim of res judicata, that claimant may pursue damages in another forum. In re Complaint of Urbelis, 2016 WL 4579120, at *4 (D. Mass. Aug. 31, 2016) (reviewing case law).  Second, if the limitation fund exceeds the aggregate of the claims against that fund, claimants may proceed in another forum. Id.

Costa is not the only claimant in this action.  His motion makes no mention of the fact that G&J filed a claim in these

-4-

proceedings seeking indemnification and contribution, including attorneys' fees and costs. See Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V., 836 F.2d 750, 756-57 (2d Cir. 1988) (holding third party claim for indemnification, contribution and attorneys' fees against shipowner creates a multiple claimant situation).  G&J did not join Costa's stipulation.  While some courts have permitted a state court action to proceed despite a third party's claim for indemnification, contribution and attorneys' fees if the moving claimant stipulates that the third party's claim will take priority over his or her own, see Urbelis, 2016 WL 4579120, at *7, Costa's stipulation makes no such reference.  In fact, Costa's stipulation makes no mention of G&J at all.

### C. Value of Limitation Fund

Costa insists that dissolution of the stay is proper if his claim does not exceed the value of the limitation fund but acknowledges that the value of his claim "remain[s] to be ascertained."  He avers that his stipulation, which states that Costa will not seek enforcement or collection of any state court judgment until E&N's "right to limitation of liability is determined by this District Court," adequately protects E&N.

-5-

Costa's stipulation does not, however, provide such protection.  G&J's claim remains outstanding and it has not joined Costa's stipulation. <u>See</u> <u>Beiswenger Enters. Corp.</u> v. <u>Carletta</u>, 86 F.3d 1032 (11th Cir. 1996) (suggesting that stipulations should "set the priority in which the multiple claims will be paid from the limitation fund").  While Costa is willing to waive any claim of <u>res</u> <u>judicata</u>, G&J has not agreed to such a waiver and therefore may be able to argue that Costa's state-court judgment has preclusive effect in this action. <u>See</u> <u>Urbelis</u>, 2016 WL 4579120, at *6 (identifying this same concern).

Moreover, it cannot currently be ascertained whether G&J's attorneys' fees, when added to other damages, might render total damages in excess of the limitation fund. <u>See</u> <u>id.</u> at *7 (explaining that while stipulations "may be able to shield [petitioner] from [other claimants'] claims for contribution and indemnification, they cannot shield him from [other claimants'] requests for attorneys' fees.").  Simply put, at this time, this Court cannot discern whether the "aggregate amount of all of the claims [is] less than the value of petitioner's vessels and their pending freight." <u>Lake Tankers Corp.</u>, 354 U.S. at 148.

In summary, the present situation does not warrant dissolution of the stay.  Costa may file another motion if circumstances change.

**ORDER**

For the foregoing reasons, Costa's motion to remand (Docket No. 31) is **DENIED** without prejudice.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge


Dated:  December 11, 2023